IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 9, 2015

**STATE OF TENNESSEE v. JEFFERY YATES**

**Appeal from the Criminal Court for Shelby County**
**Nos. 91-02560, 91-09113, 91-09567-70, 93-04542     James M. Lammey, Judge**

_____

**No. W2015-01075-CCA-R3-CD – Filed February 23, 2016**

_____

The defendant, Jeffery Yates, appeals the summary dismissal of his motion to correct an illegal sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure, arguing that he stated a colorable claim for relief in that he received concurrent sentences when consecutive sentences were statutorily required. After review, we affirm the summary dismissal of the defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Jeffery Yates, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 27, 2015, the defendant filed a motion under Rule 36.1 of the Tennessee Rules of Criminal Procedure alleging that seven of his convictions are illegal as a result of the trial court's imposition of concurrent, rather than consecutive, sentences.

According to the documents attached to the defendant's motion, in case number 91-02560, the defendant was arrested for aggravated assault on December 5, 1990, and was released on bond the next day. In case number 91-09113, the defendant was arrested for unlawful possession of a controlled substance on June 17, 1991, and was released on

bond the next day. In case numbers 91-09567, 91-09568, 91-09569, 91-09570, the defendant was arrested for four charges of aggravated assault on August 8, 1991, and was released on bond that same day. In case number 93-04542, the defendant was arrested for unlawful possession of a controlled substance on March 9, 1993, and was released on bond on March 12, 1993.

As part of a negotiated plea agreement, on June 14, 1994, the defendant pled guilty to aggravated assault in case number 91-02560 for a five-year sentence; aggravated assault in case numbers 91-09567, 91-09568, 91-09569, and 91-0970 for five-year sentences; and unlawful possession of a controlled substance in case numbers 91-09113 and 93-04542 for ten-year sentences. All of the sentences were ordered to be served concurrently with each other, as well as concurrently with an effective eighteen-year sentence the defendant received in three other cases (case numbers 92-04838, 92-04839, and 92-04842).

Since that time, the defendant has filed numerous petitions for post-conviction relief and writ of habeas corpus, as well as another Rule 36.1 motion, directly and indirectly related to the convictions and sentences at hand. See, e.g., Jeffery Yates v. State, No. W2014-00325-CCA-R3-CO, 2015 WL 128097 (Tenn. Crim. App. Jan. 8, 2015), perm. app. denied (Tenn. May 15, 2015); Jeffery Yates v. State, No. W2009-01136-CCA-R3-HC, 2010 WL 4540063 (Tenn. Crim. App. Sept. 24, 2010), perm. app. denied (Tenn. Dec. 22, 2010); Jeffery Yates v. State, No. W2008-02498-CCA-R3-PC, 2009 WL 2985949 (Tenn. Crim. App. Sept. 18, 2009), perm. app. denied (Tenn. Feb. 22, 2010); Jeffery Yates v. State, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111 (Tenn. Crim. App. Aug. 27, 2008) (memorandum opinion), perm. app. denied (Tenn. Jan. 20, 2009); Jeffery Yates v. State, No. W2006-00969-CCA-R3-HC, 2007 WL 936117 (Tenn. Crim. App. Mar. 29, 2007), perm. app. denied (Tenn. Aug. 13, 2007).

Of particular mention, one of the defendant's previous filings was a petition for writ of habeas corpus in which he alleged that his 1993 and 1994 sentences were illegal because they should have been ordered to be served consecutively, rather than concurrently. Jeffery Yates, 2008 WL 3983111, at *1. This court denied relief because the petitioner was not "currently restrained of his liberty as a result of the convictions of which he now complains. He is not entitled to habeas corpus relief from a sentence fully served." Id. at *2. See also Jeffery Yates, 2010 WL 4540063, at *2-3.

On May 12, 2015, the trial court entered a written order summarily dismissing the defendant's motion to correct an illegal sentence. The court found that the motion "fail[ed] to take into account that the entirety of the sentence" included indictments 92-04838, 92-04839, and 92-04842, in which the defendant was convicted by a jury in 1993 of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated

2

robbery and received an effective sentence of eighteen years. The court said that the "aggregate 'sentence' which must include all the relevant indictments, is not illegal."

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b). Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

Pursuant to Rule 36.1, the defendant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Our supreme court has recently stated that a colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. James D. Wooden, --- S.W.3d ---, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). In this case, the defendant admittedly received an illegal sentence as "a sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). However, our supreme court has recently analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." State v. Adrian R. Brown, --- S.W.3d ---, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *8 (Tenn. Dec. 2, 2015). The court further held that "a Rule 36.1 motion may be summarily dismissed for

3

failure to state a colorable claim if the alleged illegal sentence has expired." <u>Id.</u> at *8. The defendant's sentence in the case at hand has expired and, because of such, relief is not available under Rule 36.1. Therefore, we affirm the summary dismissal of the defendant's motion.

_____
ALAN E. GLENN, JUDGE